

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARKADY RAYZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE AD SOLUTIONS, LLC; PHOENIX LEGAL GROUP LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Class Action Complaint<br><br><br>Civil Action No. **14   7147** |

Plaintiff ARKADY RAYZ ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

### I.   INTRODUCTION

1.      This is an action for damages brought by Plaintiff, a consumer, pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 et al.

2.      In effectuating the TCPA, Congress sought to limit the tactics a debt collector could use. In particular, Congress sought to eliminate the use of inappropriate calls by debt collectors to harass, embarrass, and berate debtors into paying outstanding debts owed.

3.      Despite these plain truths, Defendants (defined herein) placed numerous unwanted phone calls, using an automatic dialing system, to Plaintiff's cellular phone. Moreover, and as explained more fully below, Plaintiff and the members of the class he seeks to represent had no prior business relationship with any of the Defendants.

4.      Upon information and belief, Defendants use these very same tactics across the country against hundreds, if not thousands, of individuals who, not withstanding Defendants'

1

actions, otherwise fall within the ambit of the protections of the TCPA.

5.    Absent this action, Defendants' inappropriate tactics would continue unabated.

## II.    THE PARTIES

6.    Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania, licensed attorney, and member of this Court. Plaintiff resides in Montgomery County.

7.    Plaintiff is a statutorily protected individual who falls within the ambit of the protections of the TCPA.

8.    Defendant PROGRESSIVE AD SOLUTIONS, LLC ("Progressive Ad") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

9.    Upon information and belief, Defendant Progressive Ad is organized under the laws of the State of Ohio and its principal place of business is located at 961 Springhill Ct., Brunswick, OH 44212.

10.    Defendant PHOENIX LEGAL GROUP LLC ("Phoenix Legal") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

11.    Upon information and belief, Defendant Phoenix Legal is organized under the laws of the State of New Jersey and its principal place of business is located at 125 Half Mile Road, Suite 200, Red Bank, NJ 07701.

12.    Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee,

2

agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

13.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each Defendant.

14.     At all times material hereto, Defendants acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendants.

### III.     JURISDICTION AND VENUE

15.     This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1337.

16.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

      a.     Plaintiff is a resident of the Eastern District of Pennsylvania and Defendants' wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

      b.     Defendants conduct a substantial portion of their business in the Eastern District of Pennsylvania.

### IV.     CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action on behalf of himself and a class of similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

18.     Plaintiff brings this action as a nationwide class action for Defendants' violations of the TCPA on behalf of the following class of individuals: All natural persons in the United States, who received one or more telephone calls from Defendants on the individual's cellular

telephone that was initiated using an automatic telephone dialing system, who had no prior business relationship with Defendants (the "Class").

19.     The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members of in the Class can be determined by reviewing Defendants' records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

20.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and complex consumer litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

21.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

22.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendants will retain the proceeds of their violations of the TCPA. In addition, Defendants are likely to continue to violate this statute.

23.     Furthermore, even if any member of the Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

24.     There is a well-defined community of interest in the questions of law and fact

4

affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

> a. Whether Defendants had a prior business relationship with Plaintiff and members of the Class;
>
> b. Whether Defendants contacted Plaintiff and members of the Class on their cellular telephones;
>
> c. Whether Defendants contacted Plaintiff and Class members on their cellular telephones using an auto-dialer system even though Defendants had no prior business relationship with such individuals; and
>
> d. Whether Plaintiff and the members of the Classes have sustained damages and, if so, the proper measure of damages.

25.    Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendants.

26.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## V.    STATEMENT OF CLAIMS

### Defendants' Inappropriate Attempts To Contact Plaintiff

27.    Upon information and belief, Defendants' business model and practices are predicated solicitation and marketing of debt relief, including (but, not limited to) loan modification and bankruptcy-related services.

28.    Consequently, Defendants have no prior business relationship with either Plaintiff

5

or members of the Class.

29.     Plaintiff is a licensed attorney, and a founding partner of the law firm Kalikhman & Rayz, LLC. Plaintiff has maintained the same permanent residence address for almost two years.

30.     As an attorney, Plaintiff is well versed in the requirements of the TCPA, and privacy laws in general.

31.     Accordingly, in November 2013, Plaintiff registered his cell phone on the National "Do Not Call" list.

32.     Despite these facts, Plaintiff began receiving phone calls from Defendants in May, 2014. These calls were made to his registered cell phone.

33.     On May 28, 2014, Plaintiff received a call from 612-351-3173, at approximately 3:52 p.m. Not recognizing this number, Plaintiff did not answer his cell phone.

34.     On May 30, 2014, at approximately 2:21 p.m., Plaintiff again received a phone call from 612-351-3173. Curious as to who was calling him, Plaintiff answered his cell phone. Hearing the beginning of a pre-recorded message, Plaintiff hung up after a few seconds.

35.     Upon information and belief, due to the pre-recorded message, Plaintiff believes that Defendants were contacting him using an auto-dialer system.

36.     Almost immediately after hanging up, Plaintiff received another phone call on his cell from the above-referenced number. Seeking to end these harassing and troublesome calls, Plaintiff answered his phone with the intention of speaking to someone after the pre-recorded message ended.

37.     After answering several automated questions, Plaintiff was connected to "Dave Mahajan," an individual who identified himself as calling from Progressive Ad. Mr. Mahajan

6

indicated that he was calling from New Jersey and that Progressive Ad was a marketing/enrollment company that works for Phoenix Legal.

38.     During the call, Mr. Mahajan inquired about Plaintiff's debt, which Plaintiff indicated that he may have some medical debt, but had no prior business dealings with Progressive Ad or Phoenix Legal.  Mr. Mahajan indicated that the debt issue may be worked out and that Plaintiff would be working with Michelle Watson, their attorney in Pennsylvania to rectify Plaintiff's "debt."

39.     Plaintiff indicated that he would have to compile his medical bills together and would call Mr. Mahajan back, if he was interested.

40.     After providing his phone number, 888-825-3960, ext. 123, Mr. Mahajan hung up.

41.     On June 3, 2014, Plaintiff received a phone call on his cell phone from 732-554-4045, at approximately 7:42 p.m.  It was Mr. Mahajan, who had previously called him from Progressive Ad.  Mr. Mahajan again identified himself as calling from Progressive Ad.

42.     During the call, Plaintiff inquired as to how Mr. Mahajan got his number.  In response, Mr. Mahajan stated that Progressive Ad had it from the previous conversation.

43.     Based on this statement, Plaintiff again believed that he was the subject of calls emanating from an auto-dialer.  Incensed, Plaintiff requested that Mr. Mahajan and anyone from his company not call him again.  Plaintiff then promptly hung up his cell phone.

44.     Immediately thereafter, Plaintiff again received a call from 732-982-8270.  It was again Mr. Mahajan, who told Plaintiff in a harsh tone that Plaintiff was "uninformed" and that Plaintiff's debt was not going away.  Plaintiff again told Mr. Mahajan not to call him again and hung up the phone.

7

45.     Less than a minute after hanging up the phone, Plaintiff again received a call from 732-982-8270. Plaintiff answered and immediately hung up. Nevertheless, Plaintiff noted that this was the same phone number which Mr. Mahajan had just called him from.

46.     The following day, at approximately 2:27 p.m., Plaintiff received another call on his cell phone from 732-982-8270. Answering his phone, the individual identified himself as "David Mahajan" from Progressive Ad Solutions.

47.     Mr. Mahajan asked if Plaintiff had his bills "in order" for review. When Plaintiff reminded Mr. Mahajan that yesterday he told him not to call him again, Mr. Mahajan responded that he thought Plaintiff was "just having a bad day."

48.     Plaintiff again told David not to call him again. In response, David sneered "What are you going to do about the debt? You have no course of action. That's pathetic." Plaintiff was taken aback by the demeaning and hurtful tone. Plaintiff again stated that he did not want to be called anymore and hung up.[1]

49.     Despite Plaintiff's repeated attempts to have Defendants cease their unsoliciated contact with him, it appears that Defendants show no intention of honoring Plaintiff's repeated requests to have them stop contacting him.

50.     Indeed, on Friday, December 5, 2014, Plaintiff received a call on his cell phone from 720-549-7502.

51.     Not recognizing the number, Plaintiff answered his cell phone. After a brief pause, Plaintiff was then connected to an individual who identified himself as "Quientin" and said he was calling from Progressive Ad. He said that he was offering debt relief services.

52.     Exacerbated, Plaintiff hung up his cell phone.

---

[1] Should discovery determine it necessary, Plaintiff will seek leave to amend to add David Mahajan as an individually named defendant.

8

53.     As noted above, Plaintiff believes that an automatic telephone dialing system was used for each call due to, *inter alia*, the customary delay at the beginning of each call before Plaintiff was able to speak with a live operator.

54.     Because the calls were on Plaintiff's personal cell phone, and not his business line, the calls could only have been personal in nature.

55.     Before he began to receiving the phone calls from 732-554-4045, 732-982-8270, 612-351-3173, 720-549-7502, Plaintiff had no contact or any interactions with the Defendants.

56.     Upon information and belief, Plaintiff's experience with Defendants is typical of Defendants' business operations.

**Defendants' Violations of the TCPA At Issue**

57.     At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing systems," as defined by 47 U.S.C. § 227(a)(1).

58.     Defendants initiated multiple telephone calls to Plaintiff and TCPA Class members' cellular telephone lines using an automatic telephone dialing system.

59.     No exemption applies to Defendants' conduct, as Plaintiff and members of the TCPA Class had no prior business relationship with Defendants.

60.     Evincing the egregious nature of Defendants' behavior, Defendants' initiated multiple telephone calls to Plaintiff, using their automatic telephone dialing system, even after Plaintiff explicitly instructed Defendants not to call him again.

61.     The Third Circuit has recently determined that an individual or entity can be held liable under the TCPA for using an automated telephone dialing system to call a consumer's cellular phone after the consumer asked not to be contacted. *See Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

9

62.     The acts and or omissions of Defendants were done willfully and knowingly, absent *bona fide* error, lawful right, legal defense, justification, or legal excuse.

63.     Accordingly, Plaintiff and members of the TCPA Class have suffered statutory damages due to Defendants' repeated and ongoing violations of the TCPA.

64.     As described herein, Defendants' actions violated the applicable provisions of the TCPA.

65.     Defendants' conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

66.     Defendants' conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

67.     Plaintiff and members of the Class have been (and will continue to be) financially damaged due to Defendants' conduct, as set forth herein.

68.     Plaintiff and members of the Class have suffered and will continue to suffer damages due to Defendants' conduct, as set forth herein.

## COUNT I
## VIOLATIONS OF THE TCPA

69.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

70.     At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing systems," as defined by 47 U.S.C. § 227(a)(1).

71.     Defendants initiated multiple telephone calls to Plaintiff and TCPA Class members' cellular telephone lines using an automatic telephone dialing system. 47 U.S.C. § 227(b)(1)(A)(iii). These calls were made despite Plaintiff and TCPA Class members having no prior business relationship with Defendants.

72.     Accordingly, no exemption applies to Defendants' conduct.

73.     The acts and or omissions of Defendants were done willfully and knowingly, absent *bona fide* error, lawful right, legal defense, justification, or legal excuse.

74.     In relevant part, the TCPA provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

75.     As a result of the above violations of the TCPA, Defendants are liable to Plaintiff, and the members of the TCPA Class in the sum of statutory damages, actual damages, and treble damages.

## VI.     CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a)     A Declaration that Defendants have violated the applicable provisions of the TCPA;

(b)     An Order designating this action as a class action pursuant to Federal Rule of Civil Procedure 23;

11

(c)    An Order appointing Plaintiff and his counsel to represent the Class;

(d)    An Order enjoining Defendants from any further violations of the FDCPA;

(e)    An Order enjoining Defendants from any further violations of the TCPA;

(f)    Actual damages;

(g)    Statutory damages;

(h)    Treble damages for violations of the TCPA;

(i)    Attorneys' fees and costs; and

(j)    Such other relief as the Honorable Court shall deem just and appropriate.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: <u>December 15, 2014</u>

Respectfully submitted,
**CONNOLLY WELLS & GRAY, LLP**


By: *Gerald D. Wells* /AK

Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class

12

CDJ

&JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

14-CV-7147

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

RAYZ

### DEFENDANTS

PROGRESSIVE AD SOLUTIONS, LLC, PHOENIX LEGAL GROUP, LLC, and DOES 1 through 10, inclusive,

14    7147

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Brunswick, OH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Connolly Wells & Gray, LLP 2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment | |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et al.

Brief description of cause:
TCPA Claim

### VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
12/18/14

SIGNATURE OF ATTORNEY OF RECORD

DEC 18 2014

### FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# CDJ

**UNITED STATES DISTRICT COURT**

14   7147

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Connolly Wells & Gray, LLP 2200 Renaissance Blvd., Suite 308 King of Prussia, PA 19406

Address of Defendant: 961 Springhill Ct., Brunswick, OH 44212

Place of Accident, Incident or Transaction: Montgomery County
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et al.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Gerald D. Wells, III, Esq. , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 12/18/14 _____   _____ Attorney-At-Law   88277 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

DEC 18 2014

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/18/14 _____   _____ Attorney-At-Law   88277 Attorney I.D.#

CIV. 609 (6/08)

**CDJ** IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RAYZ | : | CIVIL ACTION |
| v. | : | **14** **7147** |
| PROGRESSIVE AD SOLUTIONS, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 12/18/14 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 822-3700 | (610) 822-3800 | gwells@cwg-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 18 2014