IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARKADY RAYZ, | CIVIL ACTION |
| --- | --- |
| Plaintiff, | |
| v. | |
| PROGRESSIVE AD SOLUTIONS, LLC; PHOENIX LEGAL GROUP LLC; DOES 1 THROUGH 10, | NO. 14-7147 |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff has sued under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"), seeking to represent a class of persons who received calls on their cellular phones generated by automatic dialing machines from entities with whom they had no prior business relationship. Defendants have failed to respond to the Complaint, and a default order was entered against them. Plaintiff now seeks an order granting a default judgment as to him, individually and requests that the Court hold a hearing for the assessment of damages. For the reasons set out below, the motion will be granted in part and denied in part.

I.  STATEMENT OF FACTS

In May and June, 2014, Plaintiff received calls on his cellular phone that stated a pre-recorded message. Compl. ¶¶ 33-34. The calls were generated by an auto-dialer system. *Id.* ¶ 35. During one of these calls, Plaintiff listened to the entire message, then was prompted to answer several automated questions and then was connected with an individual named Dave Majahan. *Id.* ¶¶ 36-37. Mahajan identified himself as calling on behalf of a company called Progressive Ad ("Progressive"), and stated that Progressive was a marketing/enrollment company that works for an entity called Phoenix Legal ("Phoenix"). *Id.* ¶ 37. Progressive solicited clients to whom Phoenix provided debt relief services. *Id.* ¶¶ 37-38. Plaintiff told

Mahajan that he might have some debt, but that he would have to compile his medical bills and that he would call Mahajan back if he was interested in debt relief services. *Id.*¶39. When Mahajan next called Plaintiff, Plaintiff directed Mahajan and through Mahajan, Progressive, to not contact him again. *Id.*¶43. Nevertheless, Mahajan called Plaintiff three more times, and another Progressive employee also called Plaintiff once. *Id.* ¶¶ 44-51.

Plaintiff served the Complaint on Phoenix on February 23, 2015 (ECF No. 3), and served Progressive on March 23, 2015 (ECF No. 4). Although the time limit for Defendants to file a responsive pleading has passed, Defendants have not filed any pleading, nor participated in this case in any way.

## II. ANALYSIS

Courts have discretion to enter default judgments. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgments, however, are disfavored. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1983). Whenever practicable, cases should be decided on the merits. *Hritz*, 732 F.2d at 1131. In determining whether to grant a default judgment, a court should first determine whether the unchallenged facts stated in the complaint establish a cause of action. *Md. Cas. Co. v. Frazier Family Trust*, No. 13-2311, 2014 WL 345218, at *2 (E.D. Pa. Jan. 30, 2014); *Carrol v. Stettler*, No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012).

### A. *Whether Plaintiff Has Established a Cause of Action*

Under the TCPA it is unlawful for any person to:

> Make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone . . . .

2

47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff has alleged that Progressive made calls to his cellular phone using an automatic dialing system. Accordingly, it has stated a valid cause of action against Progressive.[1]

### B. *Whether a Default Judgment is Warranted*

Having determined that Plaintiffs have alleged a valid claim against Progressive, the Court must next consider the following factors in determining whether a default judgment is warranted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Prejudice to the plaintiff exists where denial of a default judgment would "impair the plaintiff's ability to effectively pursue his or her claim." *Grove v. Rizzi 1857 S.P.A.*, No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. March 12, 2013). Progressive received service of the Complaint on February 23, 2015. (ECF No. 3). The Clerk entered a default order against Progressive on May 3, 2015. (ECF No. 5). Progressive, however, has stood silent and declined to participate in this matter in any respect. Where, as here, a defendant fails to respond to the complaint, the potential delay threatens to carry on indefinitely, and that potential delay establishes prejudice to the plaintiff. *Md. Cas. Co.*, 2014 WL 345218 at *3. From the facts alleged in the Complaint, Progressive does not appear to possess any litigable defense to this action. And, a defendant's failure to participate in a case creates a presumption of culpability. *Id*. at *4. Accordingly, a default judgment is warranted against Progressive, and Plaintiff's motion will be granted as to it.

---

[1] Neither the Complaint, nor Plaintiff's motion set forth any allegation concerning Defendant Phoenix Legal Group, LLC other than an alleged statement by Mahajan that he was marketing debt relief services on their behalf. Comp. ¶ 37. Thus, Plaintiff has not established a cause of action against Phoenix and the motion will be denied as to that defendant.

A hearing will be set for the assessment of damages.  An appropriate Order follows.

Date:  June 8, 2015												BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____
**WENDY BEETLESTONE, J.**